SAVOIE, Judge.
Mrs. Rose Geystand was formerly employed caring for handicapped children at the Louisiana Special Education Center in Pineville, Louisiana. She was a classified employee entitled to the job protection of the Civil Service rules and regulations. She was suspended from her job and subsequently dismissed following an incident of August 17th, 1980, in which it was alleged that she beat one of the children living at the Center. She hired an attorney who filed an appeal from the suspension, as was her right, and a hearing was held before a hearing officer of the State Civil Service Commission in Pineville. Based on the evidence received at this hearing, the Civil Service Commission found her suspension to have been justified. A notice of appeal was filed in this court, listing nine alleged errors in the judgment of the Civil Service Commission. A late brief has been filed which denies the sufficiency of the evidence of the beating in general terms.
After carefully reviewing the entire record, particularly the transcript of the hearing below, in light of the nine assignments of error in the notice of appeal, we find that none of the assignments has any merit and that outside the noted assignments, the record reveals no plain error requiring reversal. We, therefore, affirm the decision of the Civil Service Commission.
ASSIGNMENT OP ERROR I
Geystand claims there was no evidence introduced at the hearing to show she had been informed prior to the beating incident that the institutional rules forbade corporal punishment. In fact, the agency introduced as State Exhibit 1 a training manual setting forth the policy against corporal punishment. Additionally, there was a signed certificate of attendance at an in-service training session where the policy was discussed. Mrs. Geystand denied familiarity with the manual and denied attend-anee at the training session. She said that' her signed statement of attendance was *411 false — that she and other employees regularly signed such statements even though they did not attend the required training sessions. By such testimony, of course, she condemns herself as mendacious, seriously calling into question all her other testimony. At all events, the agency has shown that either (1) it informed Mrs. Geystand of the anticorporal punishment policy, or (2) it made an effort to so inform her which was intentionally thwarted by her. In neither case could the agency be reasonably held responsible for her lack of knowledge of the policy.
This assignment lacks merit.
ASSIGNMENT OF ERROR II
Geystand disputes the Commission’s finding that Mrs. Corrine Thompson testified that Geystand admitted spanking the child. Corrine Thompson did so testify.
ASSIGNMENT OF ERROR III
It is denied that Mrs. Matthews testified that Geystand admitted spanking the child. Mary Theresa Matthews testified to exactly that effect.
ASSIGNMENTS OF ERROR IV AND V
Assignment No. IV condemns Mrs. Sessions’ testimony as inherently incredible. Margaret Sessions testified like the others, that Mrs. Geystand said in the lunchroom: “I spanked Michelle for biting Debbie and if Debbie bites Michelle, I spank Debbie.” What Mrs. Geystand’s attorney finds incredible is Mrs. Sessions’ insistence, contradicted by the testimony of others, that after this statement by Mrs. Geystand, nothing else was said by anyone in the lunchroom for the rest of the dining period.
Assignment No. V declares Mrs. Shorts’ testimony unworthy of belief and denies that Mrs. Shorts testified that Mrs. Gey-stand spanked the child. On page 82 of the hearing transcript, Mrs. Marie Shorts is recorded as testifying on oath “... she said that I spanked her and I would do it again. I will spank Debbie for biting her, they were biting or fighting.” The claimed incredibility of her testimony is based on the fact that she testified rather exactly to the words spoken by Mrs. Geystand relative to the beating, but could recall nothing of the other conversation in the lunchroom that day.
We find that the testimony of Mrs. Sessions and Mrs. Shorts as to relevant matters is corroborated by the testimony of all other witnesses for the employing agency, and there is no error in accepting it simply because their memory of other concurrent matters is less than perfect.
ASSIGNMENT OF ERROR VI
Barbara Nalezinek was the only witness to corroborate Rose Geystand’s claim that what she said in the lunchroom was not “I spanked Michelle” but “Michelle needs a spanking”. By this assignment, attorney Weeks asserts that Nalezinek positively corroborated Geystand. The Commission found that Nalezinek’s corroboration of Geystand was only a qualified corroboration. The Commission is correct.
ASSIGNMENT OF ERROR VII
This assignment questions the Commission finding that Rose Geystand “Did not deny the charge against her.” Obviously, she did deny it at the hearing, but numerous co-workers testified that she readily admitted the spanking in the lunchroom immediately after the event. It is to this admission, and the later one made when first confronted with the charge by her superior next day, that the Commission refers.
ASSIGNMENT OF ERROR VIII
This assignment asserts that there is no (sic) evidence in the record to support a finding that Rose Geystand spanked a child. The testimony referred to in our discussion of the other assignments is sufficient to dispose of this.
ASSIGNMENT OF ERROR IX
This assignment denies that the agency proved Rose Geystand’s mis-feasance by a preponderance of the evidence. There is no merit to such a claim.
In addition to the assigned errors discussed above, the late-filed brief of ap *412 pellant makes much of the fact that there was no eye-witness to the beating and that the alleged victim was not produced as a witness against the appellant. We do not think the lack of an eye-witness crucial, considering the admissions which the evidence of record preponderantly shows were made by the appellant shortly after the fact. It is questionable whether the victim would have been a competent witness. However, nothing prevented the appellant from calling her, had she thought her testimony likely to be favorable.
The decision of the Civil Service Commission is affirmed.
All costs are to be paid by appellant.
AFFIRMED.